ORIGINAL

FILED
10 MAR 26 PM 3: 28
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

1  KENNETH G. PARKER (SBN 182911)
     kenneth.parker@haynesboone.com
2  ROBIN H. ROUNAGHI (SBN 171251)
     robin.rounaghi@haynesboone.com
3  HAYNES AND BOONE, LLP
   18100 Von Karman Avenue, Suite 750
4  Irvine, California 92612
   Telephone: (949) 202-3000
5  Facsimile: (949) 202-3001

6  THOMAS F.A. HETHERINGTON*
     tom.hetherington@emhllp.com
7  COURTNEY L. SCANTLIN
     courtney.scantlin@emhllp.com
8  JARRETT E. GANER*
     jarrett.ganer@emhllp.com
9  EDISON, MCDOWELL & HETHERINGTON LLP
   3200 Southwest Freeway, Suite 2920
10 Houston, Texas 77027
   Telephone: (713) 337-5580
11 Facsimile: (713) 337-8850

12 Attorneys for
   PHL VARIABLE INSURANCE CO.
13 *pro hac vice application to be filed

14             UNITED STATES DISTRICT COURT

15            SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHL VARIABLE INSURANCE CO., | Case No. '10 CV 0661 WQH BLM |
| Plaintiff, | |
| v. | PLAINTIFF PHL VARIABLE INSURANCE COMPANY'S ORIGINAL COMPLAINT |
| KRISTIAN GIORDANO; and THE YVONNE TRAVISANO FAMILY INSURANCE TRUST, by and through its trustee, BRENDA BARRERA, and DOES 1–100. | |
| Defendants. | |

COMPLAINT

PHL Variable Insurance Company, by and through it attorneys, files this Original Complaint against Kristian Giordano and the Yvonne Travisano Family Insurance Trust by and through its Trustee, Brenda Barrera as follows:

## I. INTRODUCTION

1. This is an action for declaratory judgment under 29 U.S.C. § 2201, fraud, conspiracy, negligent misrepresentation, and breach of contract stemming from the fraudulent procurement of a four million dollar insurance policy on the life of Yvonne Travisano ("Ms. Travisano") (the "Policy").

2. In recent years, a derivative market for life insurance has developed in which existing life insurance policies are sold to third parties who lack an insurable interest in the life of the insured. Typically referred to as a "life settlement" or "senior settlement," these sales are generally lawful, assuming that the policy was procured for legitimate purposes and that there was an insurable interest at the policy's inception.

3. As this derivative market has developed; however, there has been a proliferation of life insurance policies that are not sought for legitimate insurance needs but rather for re-sale to strangers in the secondary market. Policies procured under these circumstances have become known as stranger originated life insurance ("STOLI") policies. STOLI policies are illegal wagering contracts that lack an insurable interest at inception. As such, STOLI policies are void *ab initio*.

4. In many cases, STOLI policies are initiated with fraudulent representations in the insurance application. Insurers, in an effort to prevent issuing STOLI policies, require insurance applicants and insurance agents to respond to specific questions during the application process regarding the purpose of the insurance sought. STOLI promoters will falsely answer these questions in order to obtain the insurance sought. Additionally, in order to maximize their profit, STOLI promoters frequently provide insurers with false information

regarding an insured's financial status in order to obtain a policy with a larger face amount. In some cases, insureds are unaware of the misrepresentations made on the application and during the application process.

5. STOLI schemes have become so prevalent that they have been the subject of consumer fraud alerts issued by numerous state insurance departments, including the California Department of Insurance.[1]

6. In furtherance of a STOLI scheme, insurance producer Kristian Giordano ("Giordano") procured the Policy from Phoenix. In doing so, Giordano made numerous and fraudulent misrepresentations relating to Ms. Travisano's financial status, the purpose of the Policy, and the intent for investors to obtain an interest in the Policy.

7. Phoenix brings this action for rescission of the Policy and an order declaring the Policy void *ab initio*, and seeks money damages against the Defendants.

## II. PARTIES

8. Plaintiff, PHL Variable Life insurance Company ("Phoenix") is a corporation organized under the laws of the State of Connecticut and maintains its principle place of business in the state of Connecticut within the meaning and intent of 28 U.S.C. § 1332. Phoenix is authorized to transact the business of insurance in California.

9. Defendant, the Yvonne Travisano Family Insurance Trust (the "Trust"), is a trust organized under the laws of California and is a citizen of California within the meaning and intent of 28 U.S.C. § 1332. The Trust may be served through its Trustee, Brenda Barrera ("Trustee"), at 401 West A Street,

---

[1] Cal. Dep't of Ins., Seniors: Senior Advisory on STOLI or SPINLIFE Life Insurance Schemes, *available at* http://www.insurance.ca.gov/0150-seniors/0100alerts/strangerownedlifeins.cfm; http://www.insurance.ca.gov/0150-seniors/0100alerts/upload/SA0108Stoli2.pdf

#1815, San Diego, California 92101. On information and belief, Trustee Brenda Barrera is the only trustee and is a resident of California.

10. Defendant, Kristian Giordano, is a California resident and citizen. Upon information and belief, he may be served at 40801 Carlena Lane, Temecula CA 92591-2127.

11. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1-400, inclusive, are unknown to Phoenix at this time, who therefore sue said Defendants by such fictitious names, and when the true names and capacities of said Defendants are ascertained, Phoenix will seek leave from the Court to amend this Complaint accordingly; Phoenix is informed and believes and therefore alleges that each of the Defendants designated herein as a Doe is responsible in some manner for the events and happenings herein referred to, and caused damages to Phoenix proximately thereby as herein alleged.

### III.   JURISDICTION AND VENUE

12. This Court has jurisdiction over all parties of this lawsuit under 28 U.S.C. § 1332(a)(1) because Phoenix and Defendants are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of attorneys' fees, interest and costs. Defendants are subject to the personal jurisdiction of this Court.

13. This Court has jurisdiction for the declaratory judgment action pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§2201 and 2202, that grant the United States District Courts jurisdiction to declare the "rights and other legal relations of any interested party making such declaration, whether or not further relief is or could be sought."

14. Venue is proper for this action pursuant to 28 U.S.C. § 1391, since Giordano is a citizen of California, the Trust is a citizen of California, its Trustee is

located in California, and the insurance policy at issue is governed by California law.

## IV. FACTUAL BACKGROUND

15. Phoenix is, and during all relevant times has been, in the business of underwriting and issuing policies for life insurance and is authorized to transact the business of insurance in the State of California.

16. Giordano is an independent life insurance producer. As such, he solicits applications for life insurance policies on behalf of numerous insurance carriers. Giordano is neither an employee nor a career agent of Phoenix.

17. Giordano entered into an Independent Producer Contract with Phoenix (the "Producer Contract"). The Producer Contract sets out the terms of Giordano's relationship with Phoenix as an Independent Producer. Among other terms, the Producer Contract requires that Giordano give complete and accurate answers in insurance application and associated forms and that Giordano provide Phoenix with all information necessary to underwrite applications solicited by Giordano. Further, the Producer Contract requires that a Producer not accept any payment unless the insurance applicant is, at the time of delivery, in good health and in insurable condition as originally represented.

18. Upon information and belief, an agent or employee of Giordano approached Paul Loven, a Scottsdale, Arizona insurance producer, stating that he worked with a group in California that could obtain no-cost insurance for Mr. Loven's clients. Mr. Loven placed Giordano's agent in contact with Ms. Travisano, a resident of Scottsdale and a client of Mr. Loven. Giordano met with Ms. Travisano, and offered to obtain insurance coverage for Ms. Travisano, promising Ms. Travisano that she would pay no money out of pocket for two-years, and that at the end of two-years, she could either repay the premiums or, if she didn't want to keep the policy, it would be sold and she would be paid a

substantial amount following the policy's sale. Ms. Travisano agreed to participate with the understanding she would not pay any policy premiums and that she would receive a substantial payment after the policy was sold. Ms. Travisano's husband provided Giordano with a financial statement showing the Travisanos' net worth as $3,049,000. Giordano then caused the Trust to be established, with the intent that the Trust would own the Policy on behalf of STOLI investors.

19. The Trust, by and through its Trustee, then submitted a written application to Phoenix seeking the issuance of an insurance policy, insuring the life of Ms. Travisano (the "Application").

20. The Application requested material information regarding, among other things, Travisano's net worth, the purpose of the insurance, the source of funding for premiums, and any intent or understanding that a third-party would obtain an interest in the policy applied for. In response to these questions, the Application represented that Travisano had a net worth of $5,728,322, that the insurance was sought for Travisano's estate planning, that premiums would not be financed, that no individual or entity other than Ms. Travisano would pay the premiums, and that there was no understanding that the policy would be sold to a third-party.[2] As discussed more fully below, each of these representations was false and was material to Phoenix's acceptance of the risk assumed.

21. In submitting the Application to Phoenix, Ms. Travisano, Giordano and the Trust knew that each was required to provide complete, accurate and honest answers to the questions presented on the Application. Ms. Travisano, Giordano and the Trust also knew that Phoenix would rely upon the answers recorded on the Application in determining whether Travisano was insurable and qualified for the insurance sought through the Application.

22. The Application contained the following affirmations:

---

[2] Specifically, questions 8, 9, 10, 11, 12, 14 and 15 in Section XI were answered incorrectly.

> I have reviewed this application and the statements made herein and those of the proposed insured and all such statements made by the proposed insured in Part I or and in Part II of this application are full, complete and true to the best knowledge and belief of the undersigned and have been correctly recorded.
>
> * * *
>
> The Producer hereby confirms he/she has truly and accurately recorded on the application the information supplied by the Proposed Insured . . .

Ms. Travisano, Giordano and the Trust, through its trustee, executed the Application on February 22, 2008.

23. Based upon the statements and representations on the Application, Phoenix issued life insurance policy number 97528282 to the Trust, with an effective date of April 4, 2008. The Policy's death benefit is $4,000.000.

24. Upon information and belief, Giordano was aware that Ms. Travisano's net worth was not $5,728,322 but falsely recorded Ms. Travisano's net worth as $5,728,322 on the Application in order to obtain the Policy.

25. Upon information and belief, neither Ms. Travisano nor any party with an insurable interest in her life funded the payment of premiums on the Policy.

26. Had Giordano and the Trust provided accurate responses on the Application, Phoenix would not have issued the Policy or would have done so on materially different terms. As a result of the Policy's issuance, Phoenix has suffered damages, including but not limited to commissions Phoenix paid to Giordano that it would not have paid, but for the sale.

27. Phoenix brings this action seeking rescission of the Policy, and an order declaring the Policy void *ab initio*.

28. Further, Phoenix is also entitled to an award of punitive damages based on the wanton, malicious, deliberate and/or grossly negligent conduct of Giordano as described herein.

## V. CAUSES OF ACTION

### COUNT I: DECLARATORY JUDGMENT:
### RESCISSION DUE TO MATERIAL MISREPRESENTATION
### (As to the Trust)

29. Phoenix incorporates herein by reference each of its allegations contained in Paragraphs 1–28 above.

30. Pursuant to the federal Declaratory Judgment Statute, 28 U.S.C. § 2201, Phoenix seeks a declaratory judgment that the Policy is null, void and rescinded *ab initio* due to the fraudulent and/or material misrepresentations and omissions made on the Application, and that as a result of said rescission, Phoenix may deposit with the Clerk of the Court all premiums paid on the Policy along with required interest, if any, pending further dispensation by the Court.

31. Phoenix seeks a declaratory judgment that, pursuant to Section 483(c) of the California Insurance Code, the Trust is not entitled to a return of the Policy premiums due to actual fraud. Alternatively, Phoenix seeks a declaratory judgment that Phoenix be allowed to offset from the Policy premiums an amount equal to the commissions paid to Giordano or additional sales representatives arising out of or relating to the sale of the Policy, other costs associated with the Policy, as well as its attorneys' fees and expenses.

32. Phoenix also seeks its fees pursuant to the Declaratory Judgment Statute.

33. To the extent required by law, Phoenix fully and unconditionally tenders the Policy's premiums to the Court's registry.

### COUNT II: DECLARATORY JUDGMENT:
### RESCISSION – LACK OF INSURABLE INTEREST
### (As to the Trust)

34. Phoenix incorporates herein by reference each of its allegations contained in Paragraphs 1–33 above.

35. Pursuant to the federal Declaratory Judgment Statute, 28 U.S.C. § 2201, Phoenix seeks a declaratory judgment that the Policy is null, void and rescinded *ab initio* due to the lack of insurable interest. The Policy was purchased with the intent to benefit a third party, which lacked the requisite insurable interest in Yvonne Travisano's life at the time of issuance. The Policy's issuance violates the letter and spirit of California and Arizona law on insurable interest and is inconsistent with both states' public policy of prohibiting the wagering on the lives of others. The Application for and the purported ownership of the Policy by the Trust is merely a sham transaction intended to circumvent and violate applicable insurable interest laws and public policy. The Policy is, therefore, void *ab initio* and is of no force and effect from its inception.

36. Phoenix seeks a declaratory judgment that the Policy is null, void and rescinded *ab initio* due to the lack of insurable interest and that as a result of said rescission, Phoenix may deposit with the clerk of the Court all premiums paid on the Policy along with required interest, if any, pending further dispensation by the Court.

37. Phoenix seeks a declaratory judgment that, pursuant to Section 483(c) of the California Insurance Code, the Trust is not entitled to a return of the Policy premiums due to actual fraud. Alternatively, Phoenix seeks a declaratory judgment that Phoenix be allowed to offset from the Policy premiums an amount equal to the

commissions paid to Giordano or other sales representatives arising out of or relating to the sale of the Policy, other costs associated with the Policy, as well as its attorneys' fees and expenses.

38. Phoenix also seeks its fees pursuant to the Declaratory Judgment Statute.

39. To the extent required by law, Phoenix fully and unconditionally tenders the Policy's premiums to the Court's registry.

## COUNT III: FRAUD

### (As to all Defendants, including Does 1–100)

40. Phoenix incorporates herein by reference each of its allegations contained in Paragraphs 1–39 above.

41. The Trust and Giordano procured the Policy for the purpose of selling it in the secondary market. As stated above, upon information and belief, Giordano and the Trustee made fraudulent misrepresentations regarding, among other things, the true purpose of the Policy and Ms. Travisano's financial condition. Giordano and the Trust intended that Phoenix rely on these misrepresentations in issuing the Policy.

42. Each fraudulent misrepresentation was material to Phoenix's decision to issue the Policy and Phoenix justifiably relied on these fraudulent misrepresentations in issuing the Policy. Indeed, Phoenix would not have issued the Policy had it known the true facts surrounding it.

43. Phoenix has incurred substantial damages as a result of the wrongful conduct of Giordano and the Trustee, including, but not limited to, costs and expenses associated with the issuance of the Policy.

44. Phoenix is also entitled to an award of punitive damages based on the wanton, malicious, deliberate and/or grossly negligent conduct of Giordano and the Trust as described herein.

## COUNT IV: CIVIL CONSPIRACY

**(As to all Defendants, including Does 1–100)**

45. Phoenix incorporates herein by reference each of its allegations contained in Paragraphs 1–44 above.

46. Defendants and others, including Does 1–100, conspired and agreed to commit fraud to induce Phoenix to issue the Policy by, among other things, participating in, facilitating and/or directing the: (i) solicitation of Ms. Travisano's participation in a STOLI arrangement; (ii) submission of the Application for the Policy to Phoenix, which Defendants knew lacked an insurable interest; (iii) establishment of the Trust to conceal the absence of an insurable interest in connection with the Policy; (iv) concealment from Phoenix that there was a lack of insurable interest at the inception of the Policy; and (v) falsifying representations concerning the Travisanos' financial condition.

47. In furtherance of their collaborative and conspiratorial agreement to commit a fraud against Phoenix, Defendants knowingly and purposefully concealed the lack of any insurable interest in connection with the procurement of the Policy and knowingly and purposefully placed false information on the Application for the Policy to induce Phoenix to issue the Policy. At all times material hereto, Defendants acted in furtherance of a common plan, scheme or design intended to benefit them and profit from the scheme at Phoenix's expense.

48. Defendants knew of their own concealment, and that of their co-conspirators, regarding the lack of insurable interest and the fraudulent misrepresentations made in connection with the Policy. Further, each knew that Phoenix would rely on these acts in determining whether to issue the Policy. Defendants furthered this conspiracy by, among other things, concealing the lack of insurable interest in the Policy and by providing false information on the Application for the Policy and/or failing to correct false information.

49. Phoenix has incurred substantial damages as a result of Defendants' wrongful conduct, including but not limited to, the payment of commissions and the policies' acquisition and maintenance costs.

## COUNT V: NEGLIGENT MISREPRESENTATION
### (As to all Defendants, including Does 1–100)

50. Phoenix incorporates herein by reference each of its allegations contained in Paragraphs 1–49 above.

51. Defendants supplied false information to Phoenix in submitting the Application for the Policy, which constituted a transaction in which each Defendant had a pecuniary interest. Further, Defendants owed a duty to Phoenix and failed to exercise reasonable care in making the representations. Additionally, or alternatively, Defendants made misrepresentations with conscious disregard for their truth or falsity.

52. Phoenix reasonably and justifiably relied on these misrepresentations and suffered damages as a result.

## COUNT VI: BREACH OF CONTRACT
### (As to Giordano)

53. Phoenix incorporates herein by reference each of its allegations contained in Paragraphs 1–52 above.

54. At all times hereto, Phoenix and Giordano were parties to a contract.

55. Giordano breached the Producer Contract by providing Phoenix false, incomplete, and/or inaccurate answers in the Application and associated forms. Further, Giordano breached the Producer Contract by delivering the Policy knowing that the owner lacked an insurable interest, that the purpose of the insurance was falsely stated, and that the net worth value reported for Ms. Travisano was false.

56. Phoenix has suffered damages as a direct and proximate result of Giordano's breach of contract.

## VI. RELIEF REQUESTED

WHEREFORE, due to the above-reference fraudulent and/or material misrepresentations, fraud, negligent misrepresentation, conspiracy, and breach of contract, Phoenix demands judgment against the Yvonne Travisano Family Insurance Trust by and through it Trustee Brenda Barrera and against Kristian Giordano as follows:

(a)   an order declaring and adjudging the Policy of life insurance bearing Policy Number 97528282 to be null and void and rescinded, *ab initio*;

(b)   an order that Phoenix deposit with the Clerk of the Court all premiums paid on the Policy along with the required interest, if any;

(c)   an order that that the Clerk of Court return to Phoenix all of the premiums deposited with the Court or, alternatively, an order that the Clerk of the Court pay to Phoenix from the premiums deposited an amount equal to: 1) the commissions paid by Phoenix to Kristian Giordano and/or other sales agents arising out of or relating to the sale of the Policy; and 2) any damages incurred by Phoenix as a result of the Policy's issuance and subsequent investigation, including attorneys' fees and expenses;

(d)   an order awarding cost of suit and reasonable attorneys' fees pursuant to the Federal Declaratory Judgment Statute;

(e)   all actual damages to which Phoenix may be entitled;

(f)   punitive damages due to Defendants' intentional fraud;

(g)   reasonable and necessary attorneys' fees and other costs incurred in this action;

(h)   pre-judgment and post-judgment interest at the maximum lawful rate;

(i)   costs of court; and

(j)  such other and further relief as the Court deems equitable and just to Phoenix.

Dated: March 26, 2010

HAYNES AND BOONE, LLP

By: /s/ Kenneth G. Parker
KENNETH G. PARKER

THOMAS F.A. HETHERINGTON
COURTNEY L. SCANTLIN
JARRETT E. GANER
EDISON, McDOWELL &
HETHERINGTON LLP

Attorneys for Plaintiff
PHL VARIABLE INSURANCE COMPANY

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS011592
Cashier ID: mbain
Transaction Date: 03/26/2010
Payer Name: NORCO
--------------------------------
CIVIL FILING FEE
 For: PHL VARIABLE INS V GIORDANO
 Case/Party: D-CAS-3-10-CV-000661-001
 Amount:       $350.00
--------------------------------
CHECK
 Check/Money Order Num: 26909
 Amt Tendered:  $350.00
--------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:    $0.00


There will be a fee of $45.00
charged for any returned check.
```

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PHL VARIABLE INSURANCE CO.

**(b)** County of Residence of First Listed Plaintiff **Connecticut**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kenneth G. Parker, Haynes and Boone, LLP
18100 Von Karman Ave. #750, Irvine, CA 92612; 949.202.3000

### DEFENDANTS
KRISTIAN GIORDANO; and THE YVONNE TRAVISANO FAMILY INSURANCE TRUST, trustee, BRENDA BARRERA

County of Residence of First Listed Defendant **San Diego**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
**10 CV 0661 WQH BLM**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. § 2201   28:1332

Brief description of cause:
declaratory judgment for fraud, conspiracy, negligent misrepresentation, and breach of contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE Barry Ted Moskowitz
DOCKET NUMBER 09-CV-2344-BTM-POR

DATE 03/26/2010
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 11592  AMOUNT $350   APPLYING IFP   JUDGE   MAG. JUDGE
03-26-10

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.